HOWARD EWART, APPELLANT, v. V. W. WILLEY, TRADING AS V. W. WILLEY MOTOR COMPANY, RESPONDENT.

Argued October 26, 1927—Decided February 6, 1928.

For the appellant, *Aaron V. Dawes.*

For the respondent, *Hervey S. Moore.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  This is an appeal from a judgment of nonsuit entered in an action of replevin tried at the Mercer Circuit, the nonsuit being directed by the trial court after both sides had rested.

The situation disclosed by the pleadings was this: Willey, the defendant, had sold a motor truck to a brother of the plaintiff some time prior to December 30th, 1924. On that date the sheriff of Middlesex county sold this truck under an execution issued on a judgment recovered against the then owner—that is, the plaintiff's brother—and the plaintiff, being the highest bidder at the sale, became the purchaser thereof under the execution. Nearly a year and a half after this sale, the defendant, claiming that he had a garage-keeper's lien, under the statute of 1915 (*Pamph. L., p.* 556), upon the truck for work done upon it and for its storage, as well as for supplies furnished for it while it belonged to the plaintiff's brother, took the truck from the possession of the plaintiff, and the latter thereupon brought this action. The defendant admitted the taking, but asserted that, under the lien law above referred to, he was justified in doing so and in keeping the possession of the car as security for the payment of the above-mentioned charges, having, as he claimed, made demand upon the plaintiff for the payment thereof and the plaintiff having refused to comply with that demand. The plaintiff denied that any such demand had been made upon him, and asserted that, because of this fact, no right of recaption by the defendant existed.

The case went to trial upon the issues indicated, the only controverted fact being the making of the demand for payment upon the plaintiff by the defendant. Notwithstanding that the making of such demand was a fact in controversy, under the proofs submitted, the judgment of nonsuit now under review was directed; the court considering, apparently, that, as it was conceded by the plaintiff that he knew of the existence of the defendant's lien at the time when he purchased the truck at the sheriff's sale, the rule laid down in the case of *Crucible Steel Co.* v. *Polack Tire and Rubber Co.*, 92 *N. J. L.* 221, was applicable, viz., that the right of the garage keeper under the statute to retake the possession of the motor vehicle covered by the lien existed not only against the original owner, who had contracted the debt, but also against a subsequent vendee having notice of the exist-

ence of the lien, and that this right was absolute and unconditional.

The basis upon which the present appeal is rested is that the judgment of nonsuit was erroneously directed, for the reason that the defendant was not entitled to retake the truck into his possession unless and until demand had been made by him upon the plaintiff for the payment of the debt secured by his lien, and that whether or not such demand had been made was a disputed question of fact that should have been submitted to the jury for determination.

We think that the contention of the appellant is well founded in law. In the Crucible Steel Company case, above referred to, the court's decision was based upon the second section of the Garage Keepers' Lien act of 1915 (*Pamph. L.,* *p.* 556), which conferred upon the holder of a lien, who had allowed the motor vehicle to be removed from his possession, the untrammeled right of thereafter seizing such vehicle wherever the same might be found within the state. After the promulgation of that opinion, however, the legislature amended section 2 of the statute by providing that this right of seizure should only be exercised subsequent to a demand of payment made by the garage keeper upon the *owner* of the vehicle, either personally or by registered mail. *Pamph. L.* 1922, *p.* 401. The purpose of the amendment cannot be doubted. It was to prevent the owner of a motor vehicle, whether he was the person who had contracted the debt or was a subsequent vendee, from being deprived of the possession thereof without first being afforded a final opportunity of discharging the lien by paying the indebtedness which it secured. The right of the defendant to repossess himself of the car resting, as it did, upon the prior performance of the condition imposed by the statute, and the question of such performance being a matter in dispute under the evidence submitted at the trial, the action of the court in directing a nonsuit constituted legal error and requires a reversal of the judgment under review.

Reaching the conclusion which we have indicated, we find it unnecessary to decide the interesting question as to whether

the purchaser of a motor vehicle at a sheriff's sale under a judgment entered against the owner, and who has notice of the existence of a garage keeper's lien upon it, stands in the same position as an innocent purchaser for value, without notice of the existence of the lien, who, under our decision in *Lanterman* v. *Luby, 96 N. J. L.* 255, holds it free from such lien, or whether such knowledge bars him from competing as a bidder at the sheriff's sale upon even terms with other bidders, who have no knowledge of the existence of the lien, thus depriving both the judgment creditor and the judgment debtor of the benefit of an equal competition between all intending bidders at the sale.

The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.